UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRENT JORDAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., et al.,<br><br>　　　　Defendants. | Case No.  5:15-cv-05117-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 41 |

Plaintiff Trent Jordan ("Plaintiff") brings this action against Defendants Experian Information Solutions, Inc., Equifax, Inc., TransUnion, LLC, Wells Fargo Home Mortgage, Inc., Wells Fargo Bank, National Association, AFNI, Inc., IQ Data International, Inc. ("IQ"), AllianceOne, Inc., and Rash Curtis & Associates for alleged violations of (1) the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), (2) the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.25(a), (3) and the Unfair Competition Law, California Business and Professions Code § 17200.

Federal jurisdiction arises pursuant to 28 U.S.C. § 1331. IQ now moves to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 41. Plaintiff opposes the motion. Having carefully considered the pleadings filed by the parties, the court finds, concludes and orders as follows:

　　1.　　On a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint is construed in the light most favorable to the non-moving party, and all material allegations in the complaint are taken to be true. Sanders v. Kennedy, 794 F.2d 478, 481 (9th Cir. 1986). The alleged facts "must be enough to raise a right to relief above the speculative level" such that the

1

Case No.: 5:15-cv-05117-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

claim "is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Instead, the requisite threshold is reached when the complaint contains sufficient facts to allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 678.

2.  Although the FCRA generally prohibits "[a] person" from furnishing information "relating to a consumer" to any consumer reporting agency "if the person knows or consciously avoids knowing that the information is inaccurate," a consumer cannot sue a furnisher based simply on the communication of inaccurate information. 15 U.S.C. § 1681s-2(a); see Nelson v. Chase Manhattan Mortg. Corp., 282 F.3d 1057, 1059 (9th Cir. 2002). Instead, a consumer has a private right of action against a furnisher if, after receiving notice that information is disputed, the furnisher fails to reasonably undertake one of the following duties: "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency," "report the results of the investigation to the consumer reporting agency," and "if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b).

3.  Consequently, "[t]o state a claim under the FCRA, a plaintiff must show that: (1) he found an inaccuracy in his credit report; (2) he notified a credit reporting agency; (3) the credit reporting agency notified the furnisher of the information about the dispute; and (4) the furnisher failed to investigate the inaccuracies or otherwise failed to comply with the requirements of 15 U.S.C. § 1681s-2(b)(1)(A)-(E)." Corns v. Residential Credit Solutions, Inc., No.: 2:15-cv-1233-GMN-VCF, 2016 U.S. Dist. LEXIS 27864, at *4 (D. Nev. Mar. 3, 2016).

4.  IQ argues the FCRA claim is insufficient because Plaintiff failed to describe what information IQ allegedly communicated to the consumer reporting agencies, why this information was inaccurate, when he notified the consumer reporting agencies of a dispute, and what information he provided in the notification. This court has held previously that these facts, and not just a bare statement repeating the elements, are necessary to state a claim under § 1681s-2(b)

that is plausible rather than merely speculative.  Littleton v. Experian Info. Solutions, Inc., No. 5:15-cv-01619-EJD, 2015 U.S. Dist. LEXIS 102055, at *3-4, 2015 WL 4638308 (N.D. Cal. Aug. 4, 2015).  Other courts are in agreement.  See, e.g., Hughes v. Experian Info. Solutions, Inc., No. 15-cv-05118-BLF, 2016 U.S. Dist. LEXIS 40641, at *3, 2016 WL 146115 (N.D. Cal. Mar. 28, 2016) ("A plaintiff asserting a claim under § 1681s-2(b) must allege what information the defendant furnished to the credit reporting agency and why that information was incomplete or inaccurate."); Lyles v. Ford Motor Credit Co., No. SACV 12-1736 AG (RNBx), 2013 U.S. Dist. LEXIS 58804, at *11, 2013 WL 987723 (C.D. Cal. Mar. 11, 2013) ("Courts have held that consumers asserting Section 1681s-2(b) violations based on 'furnishing inaccurate information [] must identify which information is inaccurate.'").  For this case, the Complaint's unspecific allegations alluding to reports of "a misleading and or inaccurate account status and or listing of the account as past due, in collections, and or charged off rather than discharged in Bankruptcy," is not enough for IQ, or any other furnisher defendant for that matter, to understand the basis for any potential liability.[1]

5.      In addition, IQ argues that Plaintiff failed to differentiate between the furnisher defendants by alleging, in one sentence, that all of them "failed to conduct a reasonable investigation and reported falsely to Experian Information Solutions, Inc.; Equifax, Inc. and TransUnion, LLC" information about Plaintiff's unidentified accounts.  Coupled with the lack of facts detailing the alleged inaccurate information and who it was furnished by, this "everyone did everything allegation" magnifies the deficiency.  See Yost v. Nationstar Mortg., No. 1:13-cv-00745-AWI-SAB, 2013 U.S. Dist. LEXIS 128504, at *7-8, 2013 WL 4828590 (E.D. Cal. Sept. 9, 2013) ("A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.'").

---

[1] Notably, and as IQ points out, Plaintiff undermines a potential FCRA claim against the furnisher defendants by alleging, on the one hand, that the consumer reporting agencies did not send all relevant information to the furnishers, but on the other stating that the consumer reporting agencies "provided notice to the defendants that Plaintiff was disputing the inaccurate or misleading information."  Compl., Dkt. No. 1, at ¶¶ 21, 24.

3
Case No.: 5:15-cv-05117-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Indeed, "[w]ithout knowing what information Plaintiff believes is inaccurate, and by attributing a list of potential conduct against all of the furnisher defendants by using the 'and or' connector, it is impossible for any of them to know exactly what Plaintiff has placed at issue." Littleton, 2015 U.S. Dist. LEXIS 102055, at *5.

6. Citing Mortimer v. Bank of America, N.A., No.: C-12-01959 JCS, 2013 U.S. Dist. LEXIS 51877, 2013 WL 1501452 (N.D. Cal. Apr. 10, 2013), IQ also argues the FCRA claim is legally insufficient because it is based on the premise "that pre-discharge, historically-accurate reporting of a debtor is misleading or inaccurate after the debtor obtains a discharge." But as the claims are currently pled, the court cannot concur that Plaintiff is actually challenging any of IQ's pre-discharge reporting. In the Complaint, Plaintiff seems to allege the defendants were each reporting an inaccurate account status after he obtained a bankruptcy discharge, as opposed to inaccurately reporting any information about the status of his account prior to the discharge. That said, a further refinement of Plaintiff's allegations is necessary to determine whether Mortimer actually applies.

7. "In short, Plaintiff's Complaint suffers from defects most often seen when an unspecific form complaint is not modified to fit the facts of a particular case." Littleton, 2015 U.S. Dist. LEXIS 102055, at *5. Plaintiff must provide more specific allegations to satisfy the federal pleading standard, and will be permitted leave to amend to address the defects in his pleading. See Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (holding that leave to amend should be freely allowed "unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.").

Based on the foregoing, IQ's Motion to Dismiss (Dkt. No. 41) is GRANTED. The FCRA claim is DISMISSED WITH LEAVE TO AMEND. With the dismissal of the only federal claim asserted in the Complaint, the court declines to exercise supplemental jurisdiction over Plaintiff's related state law claims. They will be dismissed at this time for lack of jurisdiction. See 28 U.S.C. § 1367(c)(3); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir.1997) (en banc).

4
Case No.: 5:15-cv-05117-EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Any amended complaint must be filed on or before **May 9, 2016**. Plaintiff is advised that, although leave to amend has been permitted, he may not add new claims or new parties to this action without first obtaining the defendants' consent or leave of court pursuant to Federal Rule of Civil Procedure 15.

Give this dismissal, all other motions to dismiss are DENIED WITHOUT PREJUDICE as moot. The court also declines to set a case management schedule at this time.

**IT IS SO ORDERED.**

Dated: April 22, 2016



EDWARD J. DAVILA
United States District Judge